[—— NYS2d ——]

In the Matter of RAYMOND E. LLOYD, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 15, 1994

**APPEARANCES OF COUNSEL**

*Margaret Callanan,* Buffalo, for petitioner.

*Scott F. Harley,* Dunkirk, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on June 29, 1989. On August 18, 1993, he entered a plea of guilty to two counts of issuing a bad check in violation of Penal Law § 190.05. This Court entered an order suspending respondent

from the practice of law until further order of the Court pursuant to Judiciary Law § 90 (4) (f) and directing him to show cause, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension, or disbarment should not be entered pursuant to Judiciary Law § 90 (4) (h).

Respondent filed affidavits and appeared in response to the show cause order. On November 9, 1993, this Court referred the matter to the Grievance Committee for further investigation. On April 11, 1994, following the completion of its investigation, the Grievance Committee declined to file charges and reported that the conviction resulted from the issuance of two bad checks on respondent's trust account. Respondent admits that he issued two checks on his trust account that were returned for insufficient funds. He also admits that, in one instance, he deposited $3,768.65, collected on behalf of a client, into his personal checking account and used the funds for personal purposes. He further admits that he deposited $1,300 belonging to another client into his trust account but failed to preserve those funds.

In mitigation, respondent states that he has been treated for depression and is awaiting treatment by the Chautauqua County Mental Health Clinic. A psychiatric report submitted by respondent concludes that respondent's criminal actions were partially caused by his emotional state at the time and that his judgment was impaired. We also note that full restitution has been made.

Respondent is guilty of serious misconduct. In view of the mitigating circumstances, however, we conclude that he should be suspended for two years, commencing September 20, 1993 and until further order of this Court.

PINE, J. P., BALIO, LAWTON, WESLEY and DAVIS, JJ., concur.

Order of suspension entered.